### In re SCOTT.

(District Court, D. Massachusetts. October 26, 1901.)

#### No. 5,159.

BANKRUPTCY—JURISDICTION—BURDEN OF PROOF IN VOLUNTARY PROCEEDINGS.

Where the allegation of a voluntary petition in bankruptcy in respect to the residence of the petitioner within the district is contested by a motion filed by a creditor as soon as possible after adjudication to vacate the same, while the adjudication requires the creditor to introduce evidence in support of his motion, the burden of proof upon the issue remains on the petitioner.

In Bankruptcy. On review of decision of referee dismissing the petition of a creditor to vacate the adjudication.

Clarence F. Eldredge, for objecting creditor.
Doherty, Lowrie & Ginsberg, for bankrupt.

LOWELL, District Judge. Scott was adjudged bankrupt on his voluntary petition September 21, 1901. The petition alleged "that he has resided or has had his domicile for the greater portion of six months next preceding the filing of this petition at said Boston." On September 24th a creditor filed a petition to vacate the adjudication and dismiss the petition upon the ground that Scott was not a resident of Massachusetts at the time the petition was filed. If the creditor had opposed the adjudication, and if the hearing had taken place before the adjudication was made, the burden of proving residence in Massachusetts would have been upon Scott. I cannot think that this

rule is altered by the fact that the adjudication has already been made, and that the creditor now seeks to vacate it. Where, as here, no opportunity ordinarily exists to contest the adjudication, and the motion to vacate is made as soon as possible, it seems that the burden of proving residence within the district still rests upon the bankrupt. This seems to have been held in Re Waxelbaum (D. C.) 97 Fed 562. Doubtless the adjudication puts upon the creditor the burden of introducing evidence, but, after the evidence is all in, the burden of proof is upon the bankrupt. I hold, therefore, that Scott had the burden of proving that he was at the time of filing the petition a resident of Massachusetts.

At the hearing before the referee the creditor introduced little evidence, and Scott none at all. It appeared that Scott came to Massachusetts on February 6th, and has been held here in confinement since February 12th. The referee found that he had resided in New York shortly before he came to Boston. The evidence of this is scanty, but apparently the fact was not seriously contested. There was no evidence that Scott had ever resided in this district at any time before February 6th. Doubtless he might have acquired a residence between February 6th and February 12th which would not have been interrupted by his consequent confinement, but, unless he was a resident of Massachusetts at the time of his arrest, he has acquired no residence since. Upon the whole evidence, Scott did not prove that he had taken up his residence here by February 12th. He did not take the stand in his own behalf to explain his movements and intentions, and his failure to do so is suspicious.

The judgment of the referee dismissing the creditor's petition to vacate is reversed, but, as there may have been some misapprehension concerning the burden of proof, the matter is recommitted to the referee to permit the introduction of further evidence if he deems this desirable, and otherwise to proceed in a manner not inconsistent with this opinion.