### In re HINTZE.

(District Court, D. Massachusetts. January 7, 1905.)

No. 9,257.

1. BANKRUPTCY—ADJUDICATION—RES JUDICATA—APPLICATION TO VACATE.

An adjudication in bankruptcy is res judicata of the question of the bankrupt's residence as against a creditor who has acquiesced in the adjudication and has proved his claim prior to filing a petition to vacate such adjudication because of the bankrupt's alleged nonresidence.

In Bankruptcy.

Coakley & Coakley, for bankrupt.

J. B. Warner, for creditor.

LOWELL, District Judge. Adjudication upon a voluntary petition in due form. Thereafter a creditor who had proved his debt moved to have the adjudication set aside upon the ground that the bankrupt had neither residence, domicile, nor usual place of business within the district, and so that the court had no jurisdiction in the case.

That a creditor, after adjudication upon a voluntary petition, may in some cases move to have the adjudication vacated because of the bankrupt's nonresidence, was decided by this court in In re Scott, 111 Fed. 144. But in that case the court expressly noted that the creditor had moved to vacate the adjudication as speedily as possible, and so had waived none of his rights. Here the creditor, by proving his claim, has assented to the adjudication, and has taken advantage thereof. The motion which he now urges is repugnant to his own action in the case. He contends that the bankrupt's residence so affects the jurisdiction of the court that nonresidence may be set up at any time by any person. But this is not so. Let us suppose that the court now tries the question of residence de novo, decides that the bankrupt resided within the district, and accordingly refuses to vacate the adjudication. The creditor cannot thereafter attack the adjudication on the ground of nonresidence, however jurisdictional a matter residence may be. As to him, the bankrupt's residence has become res judicata. So the adjudication in bankruptcy, here rendered upon a petition alleging resi-

dence, has made that residence res judicata for the purpose of this proceeding, and, as the proceeding was in rem, has determined the bankrupt's residence as against all the world. The injustice of binding a creditor, who has had no notice of the proceeding, requires the court to reopen the question at the instance of such a creditor, who has not, expressly or by implication, assented to the adjudication. In re Scott, ubi supra. Where, however, the creditor, by proving his claim, has acquiesced in the adjudication, it is unjust to permit him to dispute that which the court has adjudged with his implied approval. As soon might the Circuit Court permit a defendant to deny the plaintiff's citizenship in a suit depending thereon, after judgment rendered upon a declaration containing all suitable allegations.

The creditor's motion to vacate is dismissed, with costs. ·