In re WORSHAM et al.

(Circuit Court of Appeals, Eighth Circuit. November 25, 1905.)

No. 52.

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—WAIVER OF IRREGULARITIES.

When a bankrupt and all of his creditors have recognized the validity and regularity of proceedings in a court of bankruptcy, have participated therein, and sought the benefit thereof, one of such creditors will not be heard, long after the adjudication, to object to the jurisdiction of the court upon the ground that the proceedings were instituted in a district in which the bankrupt did not reside or have his domicile or principal place of business for the greater portion of the preceding six months, nor upon the ground that a subpœna to the bankrupt was not issued, he having voluntarily waived the same and entered his appearance, nor upon the ground that the petition failed to allege that the bankrupt was not a wage earner or a person engaged chiefly in farming or the tillage of the soil, nor to otherwise contest the petition upon which the adjudication proceeded.

In Bankruptcy. Petition to revise in matter of law an order of the district court of Garfield county, Okl., in a bankruptcy proceeding.

One P. S. Doxey was adjudicated a bankrupt upon the petition of W. B. Worsham & Co., creditors. At the time fixed for the first meeting of creditors in Garfield county there appeared the bankrupt who theretofore had made default, and M. H. Kellum, his father-in-law, who also claimed to be a creditor, and who had been subpœnaed to appear and testify as a witness. The bankrupt claimed that the service upon him was defective, and it was conceded that the adjudication in bankruptcy was void for that reason. Thereupon, at the same time and place, the bankrupt signed a written stipulation whereby he waived the issuance and service of a subpœna and entered his appearance in the proceeding. It was also agreed that, as the parties and witnesses were present, they might be examined before the referee and their testimony should have the same force and effect as if taken upon a regular trial or at the first meeting of creditors. The testimony of the bankrupt and Kellum was then taken at length, and it showed, among other things, that for the past 10 years the bankrupt had been chiefly engaged in the business of stock raising in various counties in Oklahoma and Texas, but that he expected to engage in farming. A demurrer of the bankrupt to the petition was overruled, and on October 19, 1903, a second order of adjudication was made. At the meeting of creditors under the second adjudication a trustee was elected and Wor-

sham & Co., the petitioners, proved their claims. On the same day the bankrupt filed his schedules and a list and claim of his exemptions. His claim was allowed and the property set apart to him. His schedules showed that Worsham & Co. and Kellum, his father-in-law, were his only creditors. On January 8, 1904, Kellum, without suit, voluntarily paid to the trustee a sum of money as due the estate of the bankrupt, and on the 26th of the same month a further sum. On the 12th of the following September Kellum filed his petition to vacate the second adjudication upon the ground that the petition in bankruptcy failed to allege and no proof had been received that the bankrupt was not a wage earner or a person engaged chiefly in farming or the tillage of the soil, and that, in fact, he was so engaged. Kellum averred that he and Worsham & Co. were the only creditors of the bankrupt. This petition was attacked by demurrers of the trustee and Worsham & Co. On the 19th of October, 1904, just one year after the adjudication, Kellum, without awaiting the action of the court upon his petition to vacate and the demurrers thereto, presented for allowance against the estate of the bankrupt his claim for $5,000. The referee, to whom the petition and the demurrers were referred, reported that the second adjudication in bankruptcy was void because no subpœna to the bankrupt was ever issued, and therefore there had been no return day and no time fixed after which the creditors should have five days in which to plead. Upon consideration of the report of the referee the district court ordered that the adjudication be not vacated, but be permitted to stand for the present, and that Kellum be allowed 20 days "in which to file any defense he may have showing that P. S. Doxey should not be adjudged a bankrupt," etc. This is the order which Worsham & Co. desire to have revised.

In his response to the petition to revise Kellum now says (1) that jurisdiction to entertain the petition, if any exists, is in the Supreme Court of Oklahoma; (2) that no subpœna was ever issued in the proceedings in bankruptcy; (3) that the petition in bankruptcy failed to allege that the bankrupt was not a wage earner or a person engaged chiefly in farming or in the tillage of the soil, and that it did not affirmatively appear in the evidence before the court of bankruptcy that he was not of the classes referred to; and (4) that Oklahoma Territory is divided into seven districts and that Garfield county and Roger Mills county are in the Fifth; that the bankruptcy proceedings in question were had in the former county, while the bankrupt for more than six months prior to the institution thereof had his residence, domicile, and chief place of business in the latter; that there is no court in Oklahoma known as a "District Court of the Fifth District," but that each county has its own district court; that the territorial organic act provides that "all civil actions shall be instituted in the county in which the defendant, or either of them, resides or may be found"; that proceedings in bankruptcy are civil actions, and that the bankrupt did not reside and was not found in Garfield county, and for these reasons the district court of that county was without jurisdiction. It should be recalled in this connection that the bankrupt appeared before the referee in Garfield county and there waived in writing the issuance and service of process and entered his appearance.

W. O. Davis (J. H. Garnett, on the brief), for petitioners.

John C. Moore (L. H. Waters and Moore & Moore, on the brief), for respondent.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

This court has jurisdiction of the petition to revise. Plymouth Cordage Company v. Smith, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992. Everyone interested in the bankrupt's estate, including the bank-

rupt himself, participated in the proceedings, and during the course thereof sought the affirmative action of the court for his benefit. The district court of Garfield county, Okl., in which the proceedings were instituted and in which they are still pending, is one of the courts of bankruptcy established by the act of Congress. The bankrupt voluntarily appeared before the referee in that county and after the service of the first subpœna was vacated waived the issue and service of another and entered his appearance in the proceedings. There are but two creditors, one a copartnership upon whose petition the adjudication was entered and which is seeking to uphold it, and the other the creditor who now objects after an acquiescence in and recognition of the validity of the proceedings for nearly a year after the order of adjudication was made. Shortly after the latter offered his objections to the jurisdiction, and before they were heard, he voluntarily presented his claim for allowance against the estate of the bankrupt, and he still remains in the attitude of invoking the aid of that court. Under these circumstances we do not deem it necessary to consider and determine the merits of the various objections now made.

When a bankrupt and all of his creditors have recognized the validity and regularity of proceedings in a court of bankruptcy, have participated therein, and sought the benefit thereof, one of such creditors will not be heard long after the adjudication to object to the jurisdiction of the court upon the ground that the proceedings were instituted in a district in which the bankrupt did not reside or have his domicile or principal place of business for the greater portion of the preceding six months; nor upon the ground that a subpœna to the bankrupt was not issued, he having voluntarily waived the same and entered his appearance; nor upon the ground that the petition failed to allege that the bankrupt was not a wage earner or a person engaged chiefly in farming or the tillage of the soil. And, for like reasons, he will not be permitted to otherwise contest the petition upon which the adjudication proceeded. In re Hintze (D. C.) 134 Fed. 141; Shutts v. Bank (D. C.) 98 Fed. 705, 709; In re Mason (D. C.) 99 Fed. 256; In re Columbia Real Estate Co. (D. C.) 101 Fed. 965; In re Ives, 113 Fed. 911, 914, 51 C. C. A. 541; In re Stern, 116 Fed. 604, 54 C. C. A. 60; In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434.

The petition to revise is sustained, with direction to the District Court to vacate the order allowing the creditor to plead to the petition in bankruptcy.