In re CHURCH CONST. CO.

(District Court, S. D. New York. April 3, 1907.)

1. BANKRUPTCY—CORPORATIONS—"MANUFACTURING" DEFINED.

A corporation which makes something for profit is a manufacturer of that something within the meaning of Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], and it makes no difference whether the thing so made or manufactured is affixed to the realty or a part of the realty or is a mere chattel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 17.

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

2. SAME—VACATION OF RECEIVERSHIP.

A court of bankruptcy has discretion to discharge a receiver appointed pending hearing on an involuntary petition against a corporation, where it appears probable that by so doing the corporation may be enabled to obtain money and avoid insolvency.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 165.]

In Bankruptcy. On motion to vacate receivership.

S. S. Myers, for petitioning creditors.
A. T. Kiernan, for Church Const. Co.

HOUGH, District Judge. The motion to vacate the receivership is granted, but not upon the ground of lack of jurisdiction in this court. Admitting the truth of all the statements concerning the nature of the construction company's business, made either in the petition or at bar, I remain of the opinion expressed in Re Rutland Realty Company (D. C.) 157 Fed. 296, that one who makes something for profit is a manufacturer of that something, and that it makes no difference whether the thing so made or manufactured is affixed to the realty or a part of the realty, or a mere chattel. The same argument that concludes by finding the making or building of a house not a manufacture of the house because the same is a portion of the real estate, which certainly was not made or manufactured by man, would take away the name of manufacturer from one who made, by building in place, the details of the house, e. g., mantelpieces or the like. It is also improper that the motion should be granted for the reason above adverted to, because the matter is one of importance, and therefore should be decided upon the pleadings and after evidence, and in such shape that it can be conveniently and thoroughly reviewed.

The business situation, however, continues to appeal to me strongly. Being assured by well-known counsel, long personally known to me, that the intervention of a receiver in bankruptcy takes away all hope of that immediate supply of funds absolutely necessary for the re-

suscitation of the alleged bankrupt, and there being no body of creditors apparently back of this bankruptcy petition who can or will do as much, I have determined upon this ground alone to vacate the receivership and discharge the receiver.

If the petitioners are ultimately able to uphold their petition, the general creditors will obtain the benefit of bankruptcy proceeding; and if they do not so sustain their petition, they ought to be grateful for the diminution of their liability by the step now directed.

The receiver will, in the event of adjudication, make application for his expenses and fees out of the estate, and in the event of adjudication being denied such fees and expenses must take the course indicated by the recent decision in Re Lacov, 142 Fed. 960, 74 C. C. A. 130.