### In re NEW YORK TUNNEL CO.

(Circuit Court of Appeals, Second Circuit. December 15, 1908.)

#### No. 87.

1. BANKRUPTCY (§ 100*)—ADJUDICATION—ACQUIESCENCE—FILING CLAIMS.

   A creditor, by filing its claim in bankruptcy, acquiesces in the adjudication.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 100.*]

2. BANKRUPTCY (§ 100*)—ADJUDICATION—CONTEST—CAPACITY OF CREDITORS.

   Tort claimants, whose claims are not provable in bankruptcy, have no standing to contest the adjudication.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 100.*]

3. BANKRUPTCY (§ 100*)—ADJUDICATION—JURISDICTIONAL DEFECT.

   Jurisdictional defect in bankruptcy proceedings should be considered by the court, though called to its attention by creditors having no standing to contest the adjudication on its merits.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 100.*]

4. BANKRUPTCY (§ 72*)—PERSONS ENTITLED TO ADJUDICATION—BUILDING COMPANIES.

   Building companies are not entitled to the benefit of the bankruptcy act.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 72.*

   What persons are subject to bankruptcy law, see note to In re Taylor, 42 C. C. A. 4.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5.** BANKRUPTCY (§ 100*)—ADJUDICATION.

> Where a tunnel company was adjudged a bankrupt, lack of jurisdiction, because such company was not within the act, did not appear on the face of the record because of a claim that it was similar to a building company, so that the adjudication, if erroneous, was not a nullity, and could be corrected only by appeal.
>
> [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 100.*]

Appeal from, and Petition for Revision of Proceedings in, the District Court of the United States for the Southern District of New York.

Benjamin S. Catchings, for petitioners.

Philbin, Beekman & Menken (Charles K. Beekman, S. Stanwood Menken, and Richard Steel, of counsel), for respondents.

Garvan, Armstrong & Conger (Lorenzo D. Armstrong, of counsel), for bankrupt.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a petition to review and an appeal from an order of the District Court denying the motion of the Borne-Scrymser Company, a contract creditor of, and of Kelley and others, tort claimants against, the New York Tunnel Company, an adjudicated bankrupt, for an order vacating the adjudication, and for leave to plead, answer, or demur to the petition for adjudication on the ground that the corporation is not within the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).

It is objected by the contract creditors and by the trustee, among other things, that the Borne-Scrymser Company has no standing because, having previously filed its claim in bankruptcy, it has acquiesced in the adjudication (In re Worsham, 142 Fed. 121, 73 C. C. A. 665), and that the tort claimants have no standing because their claims are not provable in bankruptcy (In re New York Tunnel Co., 159 Fed. 688, 86 C. C. A. 556). Although we think these objections are good, still, if the appellants and petitioners have called our attention to a jurisdictional defect which makes the adjudication a nullity, we feel bound to consider it.

If the petition for adjudication were made by only two creditors, the law requiring three, there would be a jurisdictional defect on the face of the record, making any adjudication void. On the other hand, if the aggregate amount of claims were stated to be $500, as required by law, and because of set-offs or other reasons was in point of fact less, an adjudication would be an error to be corrected by appeal. So, if the petition were against a railroad company, there would be on the face of the record such a jurisdictional defect as would make an adjudication void; whereas, if the corporation might or might not be considered within the act, an adjudication, even if erroneous, would have to be corrected by appeal.

At the time the adjudication was made in this case building companies had been held in two districts of this circuit to be within the act. In re Niagara Contracting Co. (D. C.) 127 Fed. 782; In re Rutland

Realty Co. (D. C.) 157 Fed. 296; In re Church Construction Co. (D. C.) 157 Fed. 298. We have since decided, in the Matter of the Kingston Realty Co., 160 Fed. 447, 87 C. C. A. 406, that they are not subjects of adjudication. It is, moreover, argued in this case that a tunnel company differs from a building company, and is within the act. Lack of jurisdiction cannot be said to have appeared on the face of the record, and therefore the adjudication made by the District Court, even if erroneous, is not a nullity, as we have held in the Matter of Altonwood Park Co., 160 Fed. 448, 87 C. C. A. 409.

The petitioners and appellants have proceeded throughout under the bankruptcy act. But they are strangers to the bankruptcy proceedings, having no right to prove their claims, to defend, or to appeal. The most they can do is to call the attention of the court as amici curiæ to a want of jurisdiction of the subject-matter appearing on the face of the record. In re Columbia Real Estate Co. (D. C.) 101 Fed. 965. It must be admitted that tort claimants, who see the property of a person against whom they make claim seized and administered in bankruptcy to their own exclusion for the benefit of contract creditors, have an interest which should be protected and are in bad case if the law afford no remedy. We are, however, clear that they can have no relief in this case in the proceedings they have adopted. If there be no other remedy, the bankruptcy law should be amended to cover such cases.

Both proceedings are dismissed, but, under the circumstances, without costs.