# RE PORTO RICO PROGRESS PUBLISHING COMPANY, Bankrupt.

San Juan, Bankruptcy, No. 129.

### INVOLUNTARY BANKRUPTCY.

Bankruptcy—Confession.

1. While the return day in involuntary proceedings in bankruptcy is after fifteen days, and this cannot be shortened as to creditors, a confession by the bankrupt himself within that time authorizes adjudication.

Jurisdiction—Adjudication.

2. There is no want of jurisdiction when the adjudication is made immediately upon the confession of a petition in bankruptcy. Whatever rights creditors may have will be conserved by the court by further orders.

Opinion filed December 7, 1914.

*Mr. Francis Neagle* for petitioner.

HAMILTON, Judge, delivered the following opinion:

This is a petition for involuntary bankruptcy, and at the same time with it is filed an answer of the alleged bankrupt confessing the petition. The defendant has been conducting a printing establishment, and it is alleged to be important, if not essential, that this business be kept going. For that reason a receivership is also asked.

1. Section 18 of the bankruptcy act covers proceedings in such cases, and provides that the return day in involuntary bankruptcy proceedings be fifteen days, after which there may be a period of five days additional for answer. It has been held that, inasmuch as other creditors are interested in the proceedings, the time cannot be shortened as against them. Collier, Bankr. 10th ed. page 424. The question, therefore, comes up, Can there be an adjudication in this case at present? If the alleged bankrupt comes in and confesses the petition, as in this case, there can be no doubt that there can be an adjudication and reference instanter so far as to bind him. Re Columbia Real-Estate Co. 101 Fed. 965.

2. While it is true an adjudication in bankruptcy can be impeached by showing a want of jurisdiction, there is not a want of jurisdiction when an adjudication is made immediately upon the filing of petition which is confessed by the bankrupt himself. Whatever rights there may be of creditors will be conserved by the court, and the order will be modified or vacated upon their seasonable application. Re Columbia Real-Estate Co. supra. Such an order of adjudication is at most

premature, and hence voidable. It is not void for want of jurisdiction. In the case at bar it would seem as if the property might suffer by delay. It is true a receiver could be appointed pending the time fixed by the statute for service, but this would be an unusual procedure, and there appears to be no reason to believe that any creditor would be benefited by waiting the full time.

The clerk is therefore directed to enter an order of adjudication and reference in the usual form.