SABIN v. LARKIN-GREEN LOGGING CO.

In re CONSUMERS' LUMBER & SUPPLY CO.

(District Court, D. Oregon. December 21, 1914.)

No. 6561.

1. BANKRUPTCY (§ 11*)—COURT OF BANKRUPTCY—JURISDICTION.
   A court of bankruptcy is one of limited jurisdiction, in the sense that it can take cognizance only of particular subjects, to wit, those included within the intendment of the Bankruptcy Act; but its jurisdiction is unlimited in respect of its powers over proceedings in bankruptcy, specifically made subject to its jurisdiction by Bankr. Act (Act July 1, 1898, c. 541) § 2, 30 Stat. 545 (Comp. St. 1913, § 9586).

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. § 11.*]

.2. BANKRUPTCY (§ 100*)—ADJUDICATION—COLLATERAL ATTACK.
   A bankruptcy adjudication is conclusive, unless reversed on appeal or writ of error, and cannot be collaterally attacked in a suit by the trustee against a third person.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. § 100.*]

3. BANKRUPTCY (§ 100*)—ADJUDICATION—COLLATERAL ATTACK.
   A bankruptcy court having jurisdiction to adjudicate a corporation a bankrupt, the fact that it erred in overruling a demurrer to the petition could not be urged as a defense to a subsequent action by the trustee against a third person.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. § 100.*]

4. BANKRUPTCY (§ 363*)—ADJUDICATION—PROOF OF CLAIM—EFFECT.
   Defendant, having proved its claim against a bankrupt's estate as unsecured and participated in subsequent proceedings, was estopped to subsequently question the bankruptcy court's jurisdiction to make the adjudication to that effect in an action by the trustee.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 550–554; Dec. Dig. § 363.*]

In Equity. Suit by R. L. Sabin, as trustee in bankruptcy of the Consumers' Lumber & Supply Company, against the Larkin-Green Logging Company. On motion to dismiss for alleged want of jurisdiction in the bankruptcy court to pass the adjudication on which plaintiff's appointment as trustee was based. Motion denied.

Beach, Simon & Nelson and Sidney Teiser, all of Portland, Or., for plaintiff.

Kollock, Zollinger & McDowall, of Portland, Or., for defendant.

WOLVERTON, District Judge. This is a suit by the trustee in bankruptcy of the estate of the Consumers' Lumber & Supply Company to determine his title to certain logs, free and unincumbered by a lien by way of an attachment against the supply company, which the defendant claims it has by right of a valid and still existing levy. A pe-

---

tition was filed in bankruptcy by certain creditors of the supply company April 17, 1913, which sets forth that said company—

"committed an act of bankruptcy, in that it allowed Larkin-Green Logging Company to levy an attachment on all of the assets and property of said Consumers' Lumber & Supply Company, which attachment has never been released or discharged or vacated, and which attachment was levied on December 18, 1912, and will become a prior lien and cannot be removed or set aside or dissolved through bankruptcy proceeding, after April 18, 1913. That said Consumers' Lumber & Supply Company has done nothing to vacate or set aside said attachment, and has not gone into bankruptcy voluntarily, and its failure so to do will thereby create a preference in favor of said Larkin-Green Logging Company, by reason of the attachment levied by said Larkin-Green Logging Company on said December 18, 1912. Said attachment is still a lien on all the assets of said debtors. That unless said Consumers' Lumber & Supply Company is adjudicated a bankrupt, and unless this petition is filed forthwith, a preference will be gained and obtained by said Larkin-Green Logging Company, as well as by Linnton Savings Bank, which levied a writ of attachment and attached all of the assets of said Consumers' Lumber & Supply Company on December 26, 1912, and therefore on April 26, 1913, said Linnton Savings Bank will also obtain a preference, as said Consumers' Lumber & Supply Company has done nothing to set aside said attachment, nor has it filed a voluntary petition in bankruptcy. That the said obligations owing to said Larkin-Green Logging Company and Linnton Savings Bank are for prior indebtedness, which was owing to the said attaching creditors prior to said December 18, 1912. That by reason of the foregoing facts said Consumers' Lumber & Supply Company has permitted and suffered a preference in favor of said Larkin-Green Logging Company and Linnton Savings Bank, which can only be set aside through an adjudication in bankruptcy of said Consumers' Lumber & Supply Company."

All this is set out in the complaint, which further shows that the supply company was insolvent at the time of the attachment and at all times up to the time of the filing of the petition.

A demurrer to the petition was interposed by the logging company, assigning as a ground therefor that the facts stated do not constitute an act of bankruptcy, and, after a hearing, was overruled by the court. Subsequently the supply company filed an answer, admitting the allegations of the petition, and prayed that it be adjudged a bankrupt, and on May 7, 1913, the adjudication followed. The logging company challenges the sufficiency of the complaint by motion to dismiss, on the ground that the court in bankruptcy was without jurisdiction to pass the adjudication, and that it does not state facts to entitle plaintiff to the relief demanded.

Practically the only question presented is whether the court in bankruptcy had jurisdiction to adjudicate the supply company a bankrupt upon the petition before it. The logging company insists that the court was without jurisdiction because the petition failed to state an act of bankruptcy. The attack is one collateral in character, and the consideration must proceed upon that basis.

[1, 2] The court of bankruptcy is one of limited jurisdiction, in the sense that it can take cognizance of particular subjects only, namely, those included within the intendment of the statute; but its jurisdiction is unlimited in respect of its powers over proceedings in bankruptcy specifically made subject to its jurisdiction by section 2 of the Bankruptcy Act. And it is said:

"When judgments are rendered by that court upon questions arising in such proceedings, they possess all the incidents and qualities of finality and conclusiveness appertaining to judgments of courts of general jurisdiction. Its judgments, unless reversed on appeal or writ of error, import absolute verity." Edelstein v. United States, 149 Fed. 636, 638, 79 C. C. A. 328, 330 (9 L. R. A. [N. S.] 236).

See, also, In re First Nat. Bank of Belle Fourche et al., 152 Fed. 64, 81 C. C. A. 260, 11 Ann. Cas. 355; In re Columbia Real Estate Co. (D. C.) 101 Fed. 965, 970; In re Marion Contract & Construction Co. (D. C.) 166 Fed. 618.

In the First National Bank Case, which was in bankruptcy, it is said:

"The jurisdiction of a court is not limited to the power to render correct decisions. It is the power to decide the issues according to its view of the law and the evidence, and its wrong decisions are as conclusive as its right ones. It empowers the court to determine every issue within the scope of its authority, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties, unless reversed by writ of error or appeal, or vacated by some direct proceeding."

[3] Advancing to the sufficiency of the petition, it must be conceded that the court committed an error in overruling the demurrer thereto (Citizens' Banking Co. v. Ravenna National Bank, 234 U. S. 360, 34 Sup. Ct. 806, 58 L. Ed. 1352, recently decided by the Supreme Court); but my conviction is that, the court having the power to adjudicate, its adjudication as to the sufficiency of the petition became final and binding upon the parties concerned until set aside by review or appeal, and that it cannot now be questioned in a collateral way.

There was an attempt to set up the third act of bankruptcy. The petition failed in that, but it does not follow that the petition might not have been amended so as to state a good cause, and, the court having jurisdiction to decide, its adjudication must be held final until vacated by direct attack, especially as the bankrupt has itself admitted insolvency and prayed for the adjudication.

[4] There exists another reason, however, why the defendant should not be permitted to resist the suit, which is that it has subsequently proved its claim as unsecured, and participated in the subsequent proceeding. Having done this, and it is so alleged, it cannot object to the jurisdiction of the court to make the adjudication. In re Hintze (D. C.) 134 Fed. 141; In re Worsham, 142 Fed. 121, 73 C. C. A. 665; In re New York Tunnel Co., 166 Fed. 284, 92 C. C. A. 202.

Motion denied.