### LARKIN-GREEN LOGGING CO. v. SABIN.

(Circuit Court of Appeals, Ninth Circuit.   May 3, 1915.)

No. 2534.

BANKRUPTCY ⊚⟶100—ADJUDICATION—COLLATERAL ATTACK.

Involuntary bankruptcy proceedings, though based on the petition which alleged as the only act of bankruptcy the inaction of the alleged bankrupt for four months after attachment had been levied on its property, which petition was erroneously held to be sufficient, are not void, so as to be subject to collateral attack in a suit to enjoin the attachment creditor from proceeding with his attachment suit, since the decision sustaining that petition was made in the exercise of the court's jurisdiction, and was therefore conclusive, though erroneous.

[Ed. Note.—For other cases, see Bankruptcy; Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ⊚⟶100.]

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Suit by R. L. Sabin, as trustee in bankruptcy of the estate of the Consumers' Lumber & Supply Company, a corporation, to restrain the prosecution of attachment proceedings brought against the bankrupt by the Larkin-Green Logging Company, a corporation. Decree for the complainant (218 Fed. 984), and defendant appeals. Affirmed.

Kollock, Zollinger & McDowall, of Portland, Or., for appellant.

Beach, Simon & Nelson and Sidney Teiser, all of Portland, Or., for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The real, and indeed only, question in this case is whether the involuntary bankruptcy proceedings of the estate of which the appellee is trustee are absolutely void. If so, the judgment must be reversed; otherwise, affirmed—the attack upon them being collateral, and not direct.

The bill is one in equity to restrain the appellant from prosecuting an action it had commenced prior to the commencement of the bankruptcy proceedings against the alleged bankrupt, and from proceeding under a writ of attachment procured in that action, and to establish the alleged right of the trustee to the property in question freed of all such claims on the part of the appellant. After alleging the due appointment of the appellee as trustee in bankruptcy of the estate of the Consumers' Lumber & Supply Company, and the corporate capacity of the appellant, the bill alleges that on April 17, 1913, a petition in involuntary bankruptcy was filed in the court below against the said Consumers' Lumber & Supply Company, which petition is in the bill set out at large, in which it is, among other things, alleged that certain named companies were creditors of the Consumers' Lumber & Supply Company (the time, place, and character of whose business is also stated), having provable claims amounting in the aggregate, in excess of securities held by them, to the sum of $500, and setting out the nature and amount of their respective claims;

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the said Supply Company was insolvent, and that within four months next preceding the day of the petition it "committed an act of bankruptcy, in that it allowed Larkin-Green Logging Company to levy an attachment on all of the assets and property of said Consumers' Lumber & Supply Company, which attachment has never been released or discharged or vacated, and which attachment was levied on December 18, 1912, and will become a prior lien and cannot be removed or set aside or dissolved through bankruptcy proceedings, after April 18, 1913; that said Consumers' Lumber & Supply Company has done nothing to vacate or set aside said attachment, and has not gone into bankruptcy voluntarily, and its failure to do so will thereby create a preference in favor of said Larkin-Green Logging Company, by reason of the attachment levied by said Larkin-Green Logging Company on said December 18, 1912, and said attachment is still a lien on all the assets of said debtors; that unless said Consumers' Lumber & Supply Company is adjudicated a bankrupt, and unless this petition is filed forthwith, a preference will be gained and obtained by said Larkin-Green Logging Company, as well as by Linnton Savings Bank, which levied a writ of attachment and attached all of the assets of said Consumers' Lumber & Supply Company on December 26, 1912, and therefore on April 26, 1913, said Linnton Savings Bank will also obtain a preference, as said Consumers' Lumber & Supply Company has done nothing to set aside said attachment, nor has it filed a voluntary petition in bankruptcy; that the said obligations owing to said Larkin Green Logging Company and Linnton Savings Bank are for prior indebtedness which was owing to the said attaching creditors prior to said December 18, 1912; that by reason of the foregoing facts said Consumers' Lumber & Supply Company has permitted and suffered a preference in favor of said Larkin-Green Logging Company and Linnton Savings Bank, which can only be set aside through an adjudication in bankruptcy of said Consumers' Lumber and Supply Company; that at the time of the levy of said attachment, and for some time prior thereto, and ever since that date, said Consumers' Lumber & Supply Company has been insolvent, and now is insolvent, within the purview and meaning of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, and its assets do not now equal, and did not at the time of the levy of said attachments, and have not since, equaled, its liabilities at a fair market value of said assets.

"Wherefore your petitioners pray that service of this petition, with a subpœna, may be made upon said Consumers' Lumber & Supply Company, as provided in the acts of Congress relating to bankruptcy, and that it may be adjudged by the court to be a bankrupt within the purview of said act."

The bill further alleges that thereafter to wit, on the 23d day of April, 1913, the said Larkin-Green Logging Company appeared in the bankruptcy court and filed a demurrer to the said involuntary petition, which demurrer is also set out at large, and states as its grounds:

"That the facts alleged and recited in said petition as acts of bankruptcy do not constitute acts of bankruptcy under the statute or under the provisions of the law of the United States referring to bankruptcy, and that the said petition does not set forth sufficient facts to constitute acts of bankruptcy under

said statute, or under the provisions of the law of the United States referring to bankruptcy, or sufficient to entitle the petitioners to an order adjudging the Consumers' Lumber & Supply Company a bankrupt, or to confer jurisdiction upon this court to act upon said petition or to adjudge said Consumers' Lumber & Supply Company a bankrupt."

Such demurrer, the bill alleges, was, after argument on behalf of the respective parties, duly overruled by the court in an order which is also set out at large in the bill. The bill further alleges that thereafter the said Consumers' Lumber & Supply Company filed an answer to the said involuntary petition in bankruptcy, admitting all the allegations thereof, and praying that it be adjudged a bankrupt, which answer is also set out in full in the bill; that thereafter the court, "having jurisdiction of the parties to the said involuntary bankruptcy proceedings and of the subject-matter thereof," made and entered a decree adjudging the said Consumers' Lumber & Supply Company a bankrupt, which decree is also set out at large in the bill, with the allegation that the said order of adjudication has not been vacated, set aside, or modified, and is now and has been ever since it was entered in full force and effect; that an order of reference was duly made by the court, referring the said cause to the referee in bankruptcy, to whom the said Larkin-Green Logging Company, on the 10th day of June, 1913, "duly presented and filed with said referee a proof of claim in bankruptcy, which said proof of claim was duly approved and allowed by said referee," which claim is also set out in full in the bill, and is based upon two certain promissory notes; that the notes upon which the said claim was based "are the same notes and debts" upon which the suit was commenced by the Larkin-Green Logging Company in which its writ of attachment was issued and levied, and that the defendant Consumers' Lumber & Supply Company participated as an unsecured creditor in the election of the appellee trustee, and that the said trustee is duly authorized, empowered, and directed to sell the property of the bankrupt coming into his hands, among which is the property in controversy.

The contention on the part of the appellant is that, since the only act alleged in the petition as constituting an act of bankruptcy on the part of the Consumers' Lumber & Supply Company was its inaction for the period of four months after levy of the writ upon its real property, which was held by the Supreme Court in the recent case of Citizens' Banking Company v. Ravenna National Bank, 234 U. S. 360, 34 Sup. Ct. 806, 58 L. Ed. 1352, not to subject the insolvent debtor to involuntary adjudication as a bankrupt, the whole bankruptcy proceeding must be treated as absolutely void. We are unable to so hold. Certain it is that the court below, in overruling the demurrer to that petition, was in error; but in doing so it was manifestly exercising the jurisdiction which pertained to it as a court of bankruptcy, in a matter of which it had full jurisdiction, as well as of the parties, and its error in the particular indicated was precisely similar to like errors committed by other federal courts, as was expressly shown by the Supreme Court in the concluding clause of its opinion in the case cited, at page 369 of 234 U. S., at page 806 of 34 Sup. Ct. (58 L. Ed. 1352). Jurisdiction to decide does not mean

only the power to decide right. As said by the Circuit Court of Appeals for the Eighth Circuit in Re First Nat. Bank of Belle Fourche et al., 152 Fed. 64, 81 C. C. A. 260, 11 Ann. Cas. 355:

"The jurisdiction of a court is not limited to the power to render correct decisions. It is the power to decide the issues according to its view of the law and the evidence, and its wrong decisions are as conclusive as its right ones. It empowers the court to determine every issue within the scope of its authority, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties, unless reversed by writ of error or appeal, or vacated by some direct proceeding."

See, also, In re Marion Contracting & Construction Co. (D. C.) 166 Fed. 618; Edelstein v. United States, 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236; In re Columbia Real Estate Co. (D. C.) 101 Fed. 965.

Whether the appellant is also concluded by its action in proving its claim as an unsecured creditor and participating in the subsequent bankruptcy proceedings in question it is not necessary to decide.

The judgment is affirmed.