**In re PENNSYLVANIA CENTRAL BREWING CO.**

No. 8927.

District Court, M. D. Pennsylvania.
March 8, 1937.

Roland C. Heisler (of Drinker, Biddle & Reath), of Philadelphia, Pa., and O'Malley, Hill, Harris & Harris, of Scranton, Pa., for Fidelity-Philadelphia Trust Co., mortgage trustee.

Francis Macomb Gumbes, of Philadelphia, Pa., for Rebecca M. Gumbes, bondholder.

Gunster, Mackie & Murphy, of Scranton, Pa., for Bondholders Protective Committee.

Jerome P. Casey, of Scranton, Pa., and John H. Bigelow, of Hazleton, Pa., for trustees of Pennsylvania Central Brewing Co.

JOHNSON, District Judge.

The court has here three petitions to review the recommendations of the referee in bankruptcy as special master that certain stock and money be delivered to the liquidating trustees.

On October 25, 1897, the Pennsylvania Central Brewing Company executed a mortgage to the Fidelity Insurance Trust & Safe Deposit Company of Philadelphia (now succeeded by the Fidelity-Philadelphia Trust Company) to secure an issue of bonds amounting to $2,800,000. On April 1, 1932, the mortgagor failed to meet the interest due on the bonds outstanding under the mortgage and the mortgagor also was in default on certain sinking fund payments; whereupon the mortgage trustee requested, "for the protection of the bondholders," that the mortgagor deliver to the mortgage trustee certain stock of the Pilsener Brewing Company held by the mortgagor and indorsed in blank by the holder. On May 18, 1932, the directors of the mortgagor authorized its officers to indorse this stock to the mortgage trustee since "the lien of said mortgage attached not only to the real estate described therein but also to the personal property, securities and investments of this corporation. * * *" Accordingly, 1,581 shares of Pilsener Brewing Company stock were delivered to the mortgage trustee. These shares of stock constitute the first item of property to be considered.

The second item of property is $41,049.-12, money now held by the mortgage trustee. This sum consists of $39,938.49 representing the proceeds of property released from the lien of the mortgage and $1,110.-63 representing proceeds of fire insurance.

An attempt to reorganize the Pennsylvania Central Brewing Company under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) failed because the consent of owners of two-thirds of the outstanding bonds could not be secured. The court ordered the company liquidated. The liquidating trustees petitioned the court to order the mortgage trustee to deliver the stock and money to the liquidating trustees. This question was referred to the referee in bankruptcy as special master who, after hearing, recommended that the

stock and money be delivered to the liquidating trustees. Exceptions were taken by the mortgage trustee, a bondholders' protective committee, and a separate bondholder.

Petitioners contend that since the certificates of stock and the money are in the actual physical possession of the mortgage trustee, the bankruptcy court has no jurisdiction in a summary proceeding to direct that the property in question be delivered to the trustees, and that if the trustees have any interest or claim against this property, they must assert their right in a plenary action against the mortgage trustee in the proper state court. On the other hand, the liquidating trustees contend that the stock and money are assets of the bankrupt and should be distributed by them; that the bondholders would be protected by a distribution by the liquidating trustees; and that all rights should be determined in one proceeding.

■ The mortgage trustee has filed a special appearance to object to the jurisdiction of the court, but on May 11, 1935, the mortgage trustee filed with the referee its proof of claim for $736,000, the balance due since October 1, 1931, on the $2,800,000 mortgage. By filing the proof of claim, the mortgage trustee submitted to the jurisdiction of this court and cannot now deny the jurisdiction of the court to determine summarily the status of the two items of property in its physical possession. Sabin v. Larkin-Green Logging Co. (D.C.) 218 F. 984; Larkin-Green Logging Co. v. Sabin (C.C.A.) 222 F. 814. And see Shutts v. First National Bank (D.C.) 98 F. 705; In re Hintze (D.C.) 134 F. 141; In re Worsham (C.C.A.) 142 F. 121; In re New York Tunnel Co. (C.C.A.) 166 F. 284.

■■ In the proof of claim of the mortgage trustee, it is asserted that the "issue of bonds is secured by certain real estate * * * set forth in said indenture of October 25, 1897, as well as by a sum of cash * * *; 1,581 shares of stock of the Pilsener Brewing Company * * * and certain other securities, all of which cash and securities are pledged as additional collateral to secure said issue of bonds. The value of all of the above security is undetermined at this time." The mortgage trustee now contends that the money and stock belong to it and not to the liquidating trustees for administration. The rule is that property encumbered with liens passes to the liquidating trustees, subject to the liens according to their validity. 3 Remington on Bankruptcy (3d Ed.) 81, § 1239. It is the duty of the trustees to collect all the property of the bankrupt and liquidate it. Gilbert's Collier on Bankruptcy (4th Ed.) 695, § 928. The trustees are now in actual possession of the real property, which is subject to the mortgage lien, with the view of liquidating it. The trustees likewise should distribute the stock and money now held by the mortgage trustee. The value of the stock has been variously appraised; to ascertain its value, it should be sold; and the proper party to sell it is the liquidating trustees and not the mortgage trustee. The money also should be distributed by the liquidating trustees so that all the property of the debtor will have been administered by the bankruptcy court. The liquidating trustees are accountable under bond to this court, whereas the mortgage trustee might dispose of these two items of property not to the best interests of all parties concerned. The rights of the mortgage trustee will be fully protected in the distribution by the liquidating trustees.

And now, March 8, 1937, the findings of the referee in bankruptcy, as special master, are affirmed; paragraphs "Fourth" and "Fifth" of the order of this court of January 6, 1936, are made absolute, the Fidelity-Philadelphia Trust Company of Philadelphia is hereby ordered to deliver to the liquidating trustees, to wit, George P. Weaver, John Memolo, and Paul G. Collins, the certificates for 1,581 shares of the capital stock of the Pilsener Brewing Company and also such money derived from the sale of real estate described in paragraph 19 of the petition of the trustees of January 4, 1936; the exceptions are dismissed; the trustees are directed to proceed with the liquidation of the estate in their hands; and the case is referred back generally to David Rosenthal, esquire, referee in bankruptcy as special master.