In re NEW ENGLAND BREEDERS' CLUB.

(District Court, D. New Hampshire. September 22, 1908.)

No. 1,253.

BANKRUPTCY (§ 72*)—PROCEEDINGS AGAINST CORPORATIONS—JURISDICTION OF COURT.

Where a corporation, at the time it was adjudicated a bankrupt, was not and had never been principally engaged in any business which, under the statute, rendered it subject to such adjudication, the court was wholly without jurisdiction to make the same; and such lack of jurisdiction cannot be cured by laches, waiver, or estoppel, but the proceedings must be dismissed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 72.*

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In Bankruptcy. On report of special master.

Henry F. Hollis, for trustee.

Taggart, Tuttle, Burroughs & Wyman, for Hub Construction Co.

ALDRICH, District Judge. I hold the impression that the facts found by the master, that the Breeders' Club, at the time of the adjudication, was not principally engaged in trading or mercantile pursuits, and that it was never to any extent engaged in such pursuits, present a situation of absolute lack of jurisdiction, and that such lack of jurisdiction cannot be cured by laches, waiver, or estoppel, even as against a petitioner who has no interest in raising the jurisdictional question. I therefore do not pass upon either the questions of fact

involved in the claim of waiver, estoppel, or laches, nor upon the question of the legal or equitable interest of the Hub Construction Company.

The proceedings are dismissed. . The trustee in bankruptcy excepts, and the execution of this order is stayed pending review.