### In re HUDSON RIVER ELECTRIC CO.

#### (District Court, N. D. New York. February 19, 1909.)

**1. BANKRUPTCY (§ 100\*)—ADJUDICATION—VACATING.**

An adjudication of bankruptcy against a corporation, made as a matter of course on default, will be vacated on petition of creditors or others interested, filed promptly on first obtaining knowledge of the adjudication, to permit them to raise the question whether such corporation is engaged in a business which renders it subject to such adjudication, where that appears doubtful.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 144; Dec. Dig. § 100.\*]

**2. BANKRUPTCY (§ 100\*)—ADJUDICATION—VACATING.**

Receivers of a corporation in possession of its property under appointment in a suit by creditors are competent parties to move for the vacation of an adjudication of bankruptcy made against it without their knowledge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 100.\*]

In Bankruptcy. Motions, in proceedings, in the matter of the Hudson River Electric Company, in the matter of the Hudson River Electric Power Company, in the matter of the Hudson River Power Transmission Company, in the matter of the Saratoga Gas, Electric Light & Power Company, in the matter of the Empire State Power Company, and in the matter of the Madison County Gas & Electric Company, on orders to show cause, or directly, respectively, to set aside

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and vacate the several orders heretofore made herein adjudicating said corporations a bankrupt, respectively, and for orders permitting answers or demurrers to the several petitions to be filed and their sufficiency, and also the liability of such corporations to be adjudged bankrupt, determined.

James A. Van Voast, Abram J. Rose, and Geo. B. Curtiss, for the motions.

C. S. & C. C. Lester, Henry V. Borst, Henry W. Williams, and Coville & Moore, opposed.

RAY, District Judge. Each of the corporations above named is a public service corporation, and each has been adjudicated a bankrupt, no defense, answer, or demurrer to the petitions or either of them having been filed. The order of adjudication in each case was made as matter of course, and without an examination of the petition. A very short time before these petitions were filed, and there was slight difference in the days of filing, a suit in equity was commenced in the Circuit Court of the United States by Eben H. Gay and another against the companies named and two others, Hudson River Water Power Company, and, Ballston Spa Light & Power Company, also public service corporations, as defendants, charging, among other things, that they were insolvent, being mismanaged, their property wasted and misapplied, etc., and that there is, in fact, practically but one company, the others being owned and controlled by it through ownership of stock agreements, etc., and that all have been and were being run, conducted, and managed as one company, and should be in the future kept together as one in the interests of stockholders, bondholders, general creditors, and the public. The object of the action was and is, the action being now pending, to wind them up and have a sale, etc., and, if possible, effect a reorganization in the interest of all. A receiver was asked for, and the Circuit Court duly appointed Geo. W. Dunn, Milton Delano, and Charles W. Andrews receivers of such corporations, with instruction to keep them together and run and manage them as one; keeping the accounts separate, however. These receivers duly qualified and entered on the discharge of their duties, and are now operating under the orders of the Circuit Court of the United States. The properties of these companies have cost millions of dollars, and each is heavily bonded, the aggregate amount of bonds being about ten millions of dollars or upwards. There are outstanding contracts for the furnishing of light and power to other corporations, cities, villages, etc., as well as to individuals. The affairs are in a mixed and tangled condition, and such receivers, with the aid of appraisers appointed by the Circuit Court, are engaged in making an inventory and appraisal of all the properties. The operations of the companies extend over several hundred square miles of territory. While some of the corporations generate and make both electricity and gas, one generates electricity only, while another transmits it.

As bankruptcy proceedings were already pending against the Hudson River Water Power Company, which has a plant for the generation of electricity and a dam across the Hudson river, and is per-

haps the most important company of the eight involved, this court appointed the same receivers for that company, but they are managing and operating its affairs and plant under the authority of the Circuit Court, no adjudication having been made. In that case an answer was interposed and the question raised, which is, as yet, undetermined, that, being a public service corporation and engaged principally in generating and selling electricity, the corporation is not subject to the provisions of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and cannot be adjudicated a bankrupt. It is claimed that the Hudson River Electric Power Company is the principal one of the eight, and that the others are subsidiary. Whether this or the Hudson River Power Company is the principal company, it has not been controverted that the others are subsidiary companies. The pendency of the suit in equity, the appointment of the receivers, and their possession of all the properties of the companies well may have, and seem to have, diverted attention from the filing of the petitions in bankruptcy. The receivers had just entered on the discharge of their duties, and were in ignorance of the facts.

The Schenectady Trust Company is one of the largest creditors of Hudson River Electric Power Company, having provable claims to the amount of some $6,000, and alleges that it had no knowledge of the filing of the petition in bankruptcy, or of the adjudication made November 20, 1908, until November 24, 1908. It moved promptly to vacate the adjudication, alleging, in brief, that said alleged bankrupt is a public service corporation organized under the transportation law of the state of New York, and is engaged principally in transporting and transmitting electric current for the purposes of light, heat, and power; that the petition filed against it is defective and insufficient, and does not disclose such fact, etc. It alleges that such corporation is not subject to be adjudicated a bankrupt, and asks to have the adjudication vacated and to be allowed to come in and defend.

In substance and effect, on the same or similar allegations raising the same questions, such trust company, having the same standing, asks the same relief in the case of the Hudson River Electric Company, organized under said transportation law, and engaged principally in purchasing, transporting, and selling electric current. Ignorance of the bankruptcy proceedings, etc., as above stated, is also alleged.

The Schenectady Trust Company is a large creditor of the Hudson River Power Transmission Company, and asks to have the adjudication in that case, made on the same day, vacated and set aside, and be allowed to come in and defend on the ground that the petition filed did not show that the alleged bankrupt corporation was engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, etc., and that the said alleged bankrupt corporation is in fact a public service corporation engaged principally in the occupation of transporting and transmitting electric current for the purposes of light, heat, and power, and is not engaged in either of the pursuits before mentioned, and is not subject to the provisions of the bankruptcy act. The said trust company alleges that it was ignorant of the bankruptcy proceedings until four days after the ad-

judication. It thereupon moved promptly to vacate the adjudication. In this case the receivers join in the application to vacate, and ask to defend, and allege ignorance of the main and pertinent facts which would justify a defense and allege that, having made an investigation, they have ascertained that the petitioning creditors in the bankruptcy proceeding against the Hudson River Power Transmission Company are not creditors of said corporation, and that the petition does not set forth that the alleged bankrupt is a corporation, or what, if any, business it is engaged in, or in fact show that it is one of the corporations that comes under the provisions of the bankrupt law, etc.

In the matter of the Saratoga Gas, Electric Light & Power Company, the Schenectady Trust Company alleges that it is a creditor of such corporation having a provable claim to the amount of $2,750, and that in the petition filed against said corporation there was no allegation to the effect that it was engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, or any one or more of said occupations, and alleges that in fact the said corporation is a public service corporation engaged principally in the occupation of lighting the streets and public and private buildings of the village of Saratoga Springs, N. Y., by means of gas and electricity, and is not engaged principally in either of the occupations or businesses which would bring it within the provisions of the bankrupt act. The said trust company says that the adjudication in this case was made November 20, 1908, and that it had no knowledge of the bankruptcy proceedings until November 24th. It thereupon moved promptly to vacate the adjudication. The certificate of incorporation of the Saratoga Gas, Electric Light & Power Company states that the objects of the corporation are to be the manufacture and supply of gas for lighting the streets, avenues, public parks, and other places, and the public and private buildings of the village and town of Saratoga Springs, and the manufacture and use of electricity for producing light, heat, and power for the same purposes.

In this case the receivers move also to vacate the adjudication, and allege that the petitioning creditors are not creditors of the alleged bankrupt, and also raise the same questions presented by the Schenectady Trust Company. They allege that they have moved promptly on discovering the facts. It also appears that the principal business of this company is the generation and supply of electricity.

In the matter of the Empire State Power Company, the same questions, with others, are raised, and the receivers ask to have the adjudication in that case vacated and set aside, so that an answer or demurrer may be interposed, and the liability of the company to be adjudicated a bankrupt determined upon a showing of the actual facts. The Empire State Power Company is a public service corporation organized under the transportation corporation law of the state of New York, and is engaged principally in generating and transmitting electricity.

The Madison County Gas & Electric Company is also a public service corporation, and was organized under the said transportation corporation law, and is engaged principally, it is alleged and as the proof shows, in generating and furnishing electricity for the purposes

of light and heat. It is alleged that this corporation is not subject to be adjudicated a bankrupt under the bankruptcy law of the United States.

It is not necessary at this time to decide that these corporations or any of them are not subject to be adjudicated bankrupts respectively under the provisions of the national bankruptcy law. Whether a corporation engaged principally in the manufacture and sale of gas for furnishing light and heat is engaged in manufacturing or in a mercantile pursuit, may be questioned. Whether a corporation engaged principally in generating electricity, and selling it to furnish light, heat, and power may well be questioned. The corporations engaged principally in transmitting or transporting electricity would not seem to be within section 4 of the act, and can it be said that a corporation engaged principally in purchasing, transmitting, and selling electricity is engaged in trading or in mercantile pursuits within the meaning of the section. These questions are here involved, and if the objections are well taken this court has no jurisdiction to adjudicate these corporations bankrupts, or either of them a bankrupt. If the petitioning creditors are not creditors of the corporation against which they have filed a petition, that fact should be made to appear.

In each of the cases there has been due diligence shown; no laches appears. The moving parties have proceeded promptly. No injury can result to any interest in setting aside these adjudications taken by default, and permitting interested parties to promptly file answers or demurrers as they may be advised. I have no doubt that the receivers of these corporations, appointed by the Circuit Court of the United States, and now in the possession of all these properties and representing the interests of all the creditors, are competent parties to move herein, and ask that these adjudications be vacated. They have been appointed by the Circuit Court to represent the creditors and care for their interests. I think it their right and duty to interpose in these proceedings and prevent adjudications in bankruptcy proceedings in case the corporation they represent is not subject to the provisions of the bankruptcy act. Haste in these proceedings is not demanded by the circumstances. The property is now in the hands of the Circuit Court, and is being protected and cared for by it. There is no danger of waste or neglect. So far as possible, these companies should be kept together and managed as one whole, for, in truth, while some are producing gas and generating electricity, they are furnishing it to others to transmit, and these in turn sell it to cities, villages, and individuals for the purposes of furnishing light and heat. If it shall be determined that any one of these corporations is subject to the bankruptcy law, and that proceedings in the bankruptcy court take precedence to and supersede those now pending in the Circuit Court, the bankruptcy court will take jurisdiction and proceed to administer the affairs and property of that corporation under the provisions of the act. These preliminary questions should be settled. It would be unfortunate indeed to allow these adjudications to stand and have it demonstrated at a later period that the bankruptcy court was without jurisdiction in the premises. The court in bankruptcy has jurisdiction to adjudicate as a bankrupt a corporation engaged principally

in manufacturing, trading, printing, publishing, mining, or in mercantile pursuits, but no other. As was said by the Circuit Court of Appeals in the Matter of the New York Tunnel Company (decided December 15, 1908), 166 Fed. 284:

"If the petition were against a railroad company there would be on the face of the record such a jurisdictional defect as would make an adjudication void."

So here, if the petition is against a corporation which is not engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, when that fact appears in the course of the proceedings, there will be such a jurisdictional defect on the face of the record as to make the adjudication and all proceedings under it void. In re New Eng. Breeders' Club (D. C.) 165 Fed. 517.

There will be an order in each of the above-entitled matters vacating and setting aside the adjudication heretofore made, and permitting any creditor who desires, and the receivers if they are so advised, to interpose an answer or a demurrer.

The order will also provide that the petitioning creditors, if so advised, may amend within 10 days after being served with a copy of the order vacating the adjudication. Answers or demurrers to be filed within thirty days after entry of the order vacating and setting aside the adjudication.