In re MARION CONTRACT & CONSTRUCTION CO.

(District Court, W. D. Kentucky. January 22, 1909.)

1. BANKRUPTCY (§ 100*)—ADJUDICATION—APPLICATION TO VACATE—LACHES.

Bankr. Act July 1. 1898, c. 541, § 18b, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), provides that the bankrupt or any creditor may appear and plead to the petition within five days after the return day, or within such further time as the court may allow. Involuntary proceedings were instituted against a corporation, and on November 4, 1908, a majority of its directors, including N. and H., passed a resolution directing its attorney to consent to an immediate adjudication. N. and H. were president and vice president of a bank which was a creditor of the corporation, and, an adjudication having passed on November 5th, no objection was made until January 20, 1909, when the bank and N. applied for leave to intervene and contest the adjudication. Held, that the bank was chargeable with knowledge of the proceedings and that the application should not be granted in the exercise of discretion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 144; Dec. Dig. § 100.*]

2. BANKRUPTCY (§ 11*)—COURTS—JURISDICTION.

Courts of bankruptcy, being vested exclusively with jurisdiction of all proceedings throughout the country, are not courts of limited jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. § 11.*]

3. BANKRUPTCY (§ 84*)—PETITION—AMENDMENT.

Failure of an involuntary bankruptcy petition to adequately aver that the defendant was a corporation principally engaged in manufacturing as a basis on which the adjudication was sought was not jurisdictional, but could be cured by amendment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126, 128; Dec. Dig. § 84.*]

4. BANKRUPTCY (§ 100*)—ADJUDICATION—CONCLUSIVENESS—APPEAL.

Under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), authorizing an appeal from an adjudication within 10 days thereafter, an adjudication not appealed from within such time becomes final, not only as against the parties named in the record, but as against creditors with notice.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 142, 143; Dec. Dig. § 100.*]

In Bankruptcy.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Flexner & Campbell, for petitioners.
Henry Burnett and A. E. Richards, for trustee.

EVANS, District Judge. The petition of creditors asking that the Marion Contract & Construction Company (hereinafter called the "company") be adjudicated a bankrupt was filed October 26, 1908, and the writ of subpœna was issued thereon, returnable on November 3d. The writ was served on the company on October 27th. The board of directors of the company, of which Davis Brown, W. H. Netherland, and E. C. Hegan were members and a majority, met on November 4th at the Continental National Bank in this city, and passed a resolution as follows:

"Special meeting of the board of directors of the Marion Contract & Construction Company was duly held this the 4th day of November, 1908, at the Continental National Bank in the city of Louisville, Kentucky. Notice of said meeting having been duly waived by said directors, said directors being as follows: Davis Brown, E. C. Hegan, and W. H. Netherland—the following motion was made and duly seconded and unanimously carried, to wit: 'Resolved, that the attorney of this company, George G. Briggs, be and is hereby authorized to enter the appearance of said corporation to the suit in the United States District Court, H. W. Johns-Manville Co., Jas. Clark, Jr., Electric Co., and Sam X. Troxell, doing business as Samuel F. Troxell Co., v. Marion Contract & Construction Company, and he is directed to confess the allegations of the petition and amended petition in said case, and to consent that an immediate adjudication may be had.'"

As was conceded at the hearing, Netherland was also then president and Hegan was then the vice president of the Continental National Bank of Louisville, Ky. On November 5th the company appeared in this proceeding by George G. Briggs, named in the said resolution, and, exhibiting a copy of the resolution with its answer in writing, confessed the averments of the petition as amended, and expressly consented to an immediate adjudication, which was thereupon accordingly made by the court. The matter in the regular way was referred to the referee, and at the first meeting of creditors on December 10, 1908, O. G. Holt was appointed trustee. He gave bond and actively entered upon the discharge of his duties, and, having retained counsel, has, as appears from his affidavit, done much in his efforts to understand and unravel the bankrupt's very extensive and very complicated affairs. Matters being thus on January 20, 1909, W. H. Netherland and the Continental National Bank jointly presented a petition, which they moved the court for leave to file, and by which, without proving their respective claims before the referee, they seek now to be made parties and have all proceedings in the case set aside and held for naught, mainly upon the ground that the petition in bankruptcy did not show that the bankrupt was a corporation principally engaged in manufacturing. Their petition, however, does not aver that either of them was without notice or knowledge of the pendency of the bankruptcy proceeding prior to the adjudication, nor do they state anything which informs the court whether or not their respective demands are secured or unsecured debts. They by no means attempt to say that they could not have intervened before the adjudication, and have been made parties under clause "b" of section 18 of the act (Act July

1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), and have resisted the adjudication before it was made. That clause of the section clearly gives any creditor the right equally with the alleged bankrupt to do this. It reads as follows:

"The bankrupt, or any creditor, may appear and plead to the petition within five days after the return day, or within such further time as the court may allow."

The court finds the fact to be that before the adjudication W. H. Netherland and the Continental National Bank of Louisville, Ky., each had full knowledge of the pendency of the petition in this case which sought to have the company adjudicated a bankrupt, and that they acquired this knowledge in ample time to have pleaded to the petition under the clause of the act just referred to, but that each of them failed to do so. Having this knowledge and this right under the act, they became quasi parties to the proceeding at least sufficiently to make it the duty of each then, or within five days thereafter, to intervene or be foreclosed of the right to do so. Too much importance cannot be attached to the fact that they had this previous knowledge; for that, coupled with their rights under clause "b," supra, gave them, respectively, their day in court, but, instead of availing themselves of it, they made default. Like others in default in judicial proceedings, they cannot now be heard, unless upon a strong showing which will move the discretion of the court in the direction of granting what they ask. Instead of pleading to the creditors' petition and resisting the relief sought, or asking time to do so, Netherland, as one of the bankrupt's directors, actively promoted the adjudication he now seeks to have set aside. Nor did he and his colleague, Hegan, though the chief executive officers of the Continental National Bank and having full knowledge, as already stated, of the pendency of the petition in bankruptcy, have the bank intervene or in any way object, or ask time for objecting, to the adjudication, which, in another capacity, they sought to facilitate. Their personal knowledge of the facts, even apart from the facts shown by the affidavits filed, should be imputed to the bank, unless we are to say that a bank can never acquire knowledge of any fact until it is formally communicated to the board of directors while in actual session—a doctrine for which we know of no authority.

Under a state of case such as now presented we think that both Netherland and the bank should have acted promptly, and their failure to do so makes it the plain duty of the court to deny the application they now make. We think, both upon reason and the authorities:

1. That granting or denying the motion for leave to file the petition of these creditors at this late day and under all the facts stated is a matter entirely within the discretion of the court.

2. That, instead of being an abuse of discretion to refuse to allow the petition to be filed, it would be a gross abuse of discretion to permit it.

3. That the bankruptcy courts can hardly be called courts of limited jurisdiction, inasmuch as they are vested exclusively with all jurisdiction in bankruptcy proceedings throughout the entire country.

4. That, even if, as we think is true, the petition in bankruptcy as amended in this case inadequately averred that the company was principally engaged in manufacturing as a basis upon which the adjudication was sought, the matter was not jurisdictional, but was one as to the sufficiency of the pleading to entitle the petitioning creditors to the relief they asked. The District Courts have jurisdiction of every proceeding seeking an adjudication in bankruptcy, whether or not the grounds for the judgment sought are well stated.

5. That as, under section 25a, an appeal from an order of adjudication in bankruptcy must be taken within 10 days thereafter, we must assume that the adjudication in this instance has become final, not only as against the parties named on the record, but as against creditors situated as Netherland and the bank are.

6. That Netherland and the Continental National Bank, having had full knowledge of the pendency of the petition of creditors before the adjudication, and having then omitted or declined to intervene under section 18b, they must be held to have waived by their default all right to attack the adjudication, and

7. That this result should especially be enforced here, because from affidavits filed at the hearing it plainly appears that, if the objections now made had been made before the adjudication, they could probably have been entirely removed by a further amendment of the petition of the creditors, showing more fully and in detail the nature and extent of the business of the company, and that it was in fact principally engaged in manufacturing.

The motion to file the petition of W. H. Netherland and the Continental National Bank of Louisville must be overruled and denied.