## R. H. LONG CO. v. UNITED STATES.

### No. M–425.

Court of Claims.
May 4, 1936.

---

[1] Order without opinion.

This case having been heard by the Court of Claims, the court, upon the report of a commissioner and the evidence, makes the following special findings of fact:

1. Plaintiff is a Massachusetts corporation which was organized in 1917. It continued to exist as a corporation until about 1928 when it was dissolved, but in 1931 its corporate existence was revived by appropriate legislative action.

2. December 3, 1923, an involuntary petition in bankruptcy was filed against plaintiff in the United States District Court for the District of Massachusetts.

3. December 13, 1923, upon application of an intervening creditor, Guy Murchie, of Boston, Mass., was appointed receiver with authority to take charge of plaintiff's assets and to carry on plaintiff's business until a trustee was appointed or until further order of that court.

4. August 16, 1924, Guy Murchie as "Receiver, R. H. Long Companies," wrote a letter to a representative of the Commissioner of Internal Revenue, which reads in part as follows:

"With regard to our understanding that I, as receiver of the R. H. Long Companies, would endeavor to raise $125,000 to pay the Government in settlement of all the Long tax matters to the date of the receivership, that is to December 1923, I have been at work with the creditors and with Mr. Long personally in order to get the cooperation of all the necessary parties to raise the money to make payment to the Government, and am glad to report that at last there seems to be a prospect for a definite agreement, upon the understanding that this payment will take care of all the taxes including any claims against Mr. R. H. Long personally.

"I assume this will be satisfactory to you because the claims against Mr. R. H. Long personally were claims which have already been adjusted. You may remember that our settlement was to the effect of preventing a large repayment to Mr. Long personally for 1918 tax overpaid and that beginning January 1, 1918, all Mr. Long's business was conducted by the R. H. Long Company and whatever profits were possibly made and due the Government were R. H. Long Company profits.

"If you can cooperate with me to the extent of letting our settlement cover everything, I can get Mr. Long's cooperation so that it will be possible for me to raise the money from the creditors and secure from Mr. Long the surrender of the telegram bonds which I have a prospect of selling for enough money to enable the taxes to be paid in cash during September."

5. October 14, 1924, the said Guy Murchie, receiver, filed a petition with the said District Court alleging that claim had been made against the alleged bankrupt (plaintiff) on account of income and profits taxes and excise taxes of plaintiff and R. H. Long Motors Company (a related corporation) as follows:

| R. H. Long Motors Co. | $ | 5,456.30 | Mfr. excise tax, Oct. 1923. |
|---|---|---|---|
| " " " " " | | 272.82 | 5% penalty. |
| " " " " " | | 171.87 | Int. to Feb. 29, 1924. |
| " " " " " | | 4,215.50 | Mfr. excise tax, Nov. 1923. |
| " " " " " | | 210.78 | 5% penalty. |
| " " " " " | | 88.53 | Int. to Feb. 29, 1924. |
| R. H. Long Company.. | | 465.25 | Mfr. excise tax, Nov. 1923. |
| " " " " .. | | 116.31 | 25% penalty. |
| " " " " .. | | 23.26 | 5% penalty. |
| " " " " .. | | 12.10 | Int. to Feb. 29, 1924. |
| " " " " .. | | 1,112,166.00 | Additional 1918 income and profits tax. |
| " " " " ... | | 204,513.00 | Additional 1919 income and profits tax. |
| " " " " .. | | 31,418.00 | Additional 1920 income and profits tax. |
| " " " " .. | | 62,956.31 | Additional 1921 income and profits tax. |
| | | 1,422,086.03[1] | Total proof of claim. |

The petition further alleged that the receiver had had prolonged negotiations with the Bureau of Internal Revenue in regard to such tax liability and had been informed that an offer of $125,000 in compromise of the said tax liability would be accepted by the Commissioner of Internal

[1] Additional interest will accrue at the rate of 1 per cent. per month for each full month from February 29, 1924, to date of payment and from March 21, 1924, on income tax for 1918 to 1921, inclusive.

Revenue; that it would be necessary to accompany such offer with a certified check for that amount; and that the receiver was informed and believed that in the event such an offer was accepted a discharge could be obtained of the claims enumerated above, not only for plaintiff, but also for R. H. Long Motors Company, which was likewise in receivership and against whom a similar claim had been made. The receiver accordingly asked:

"1. That he may be authorized and instructed to compromise the claim of the United States for taxes for the sum of one hundred and twenty-five thousand dollars ($125,000).

"2. That he may be authorized and instructed to file with the Commissioner of Internal Revenue an offer of compromise for the sum of one hundred and twenty-five thousand dollars ($125,000) the claim of the United States against this estate for taxes and to accompany said offer with a certified check for the amount offered and that your petitioner be further authorized and instructed to prepare and file with the proper officials of the United States, such offer of compromise or other instruments as may be necessary in connection therewith."

6. January 12, 1925, an order was signed by Robert E. Goodwin, referee in bankruptcy, acting on the petition referred to in finding 5 as follows: "

"The foregoing petition having been duly filed and having come on for hearing before me, after notice to creditors and after hearing the receiver in support thereof and no one objecting thereto and the alleged bankrupts having assented hereto, I find the facts are as above stated and that the action prayed for is required in the interest of the estate and it is therefore ordered:

"1. That the receiver be and he hereby is authorized and instructed to compromise the claim of the United States for taxes against the alleged bankrupt estate by the payment of one hundred twenty-five thousand dollars ($125,000) and that the said receiver be and he hereby is authorized and instructed to file with the Commissioner of Internal Revenue an offer to compromise for the sum of one hundred twenty-five thousand dollars ($125,-000) the claim of the United States against the R. H. Long Company for taxes upon the terms set forth in the foregoing petition; and that the receiver be and he hereby is authorized and instructed to accompany said offer with a certified check for the amount offered and to prepare and file with the proper officials of the United States such offer of compromise or other instruments as may be necessary in connection therewith.

"Witness the Honorable James A. Lowell, judge of the said court, and the seal thereof this 12th day of January 1925."

7. January 13, 1925, pursuant to the authority granted in the order referred to in finding 6, the said receiver submitted to the Commissioner $125,000 as an offer in compromise on account of "R. H. Long Company, R. H. Long Motors Co., R. H. Long Shoe Co. (Massachusetts corporations), R. H. Long, personally," for additional taxes alleged to be due to and including December 19, 1923. The offer was signed "Guy Murchie, Receiver in Bankruptcy."

On the same day an amended offer in compromise was submitted by "Guy Murchie, receiver, R. H. Long Companies," which differed from the original offer only in that "R. H. Long, personally," was omitted from the names of the parties on account of whom the offer was submitted, and the offer stated that it was on account of "additional income and excess-profits taxes due for the years 1917, 1918, 1919, 1920, 1921, 1922, and 1923 (to and including December 31, 1923)." The original and amended offers stated that "It is understood that this offer does not afford relief from the liability incurred unless and until it is actually accepted, and that the offer cannot be considered as having been accepted until the date on which formal notice of acceptance thereof is signed by the Commissioner."

A statement was attached to each offer which set out the negotiations which had been carried on between the receiver and representatives of the Commissioner looking to a settlement of the tax controversies involved and referring to the letter of August 16, 1924, set out in finding 4.

Upon submission of the above offers, a receipt, dated January 14, 1925, was given to the receiver for the $125,000, which was described as a payment submitted on account of an "offer in compromise in lieu of additional taxes and interest for the years 1917 to 1923, inclusive."

8. Subsequent to the filing of the offers in compromise referred to in finding

7 and prior to September 28, 1925, the receiver filed a second petition in the district court in which the controversy referred to in the petition filed October 14, 1924, as set out in finding 5, was again referred to and a further statement made that the . Commissioner of Internal Revenue had refused to accept such offer "unless furnished with a general release of any war claims so-called (i. e., claims against the Government arising under contracts, formal or informal, for war supplies) from this alleged bankrupt, namely, the R. H. Long Company, and also a general release from Mr. Richard H. Long individually, of any claims he may have." The receiver further stated that in his opinion it was desirable that the tax claims should be disposed of as speedily as possible; that, if necessary, a release of the war claims should be given in order to facilitate the compromise, and that he had been informed that Mr. Richard H. Long was willing to give the release requested by the Commissioner of Internal Revenue. The receiver accordingly asked the court:

"1. That he may be authorized and instructed to compromise the claims above set forth of the United States for taxes by the payment of such sum not to exceed one hundred and twenty-five thousand dollars ($125,000) as he may be able to negotiate, and by the giving of a release of all so-called war claims by him as receiver of the R. H. Long Company and by Richard H. Long, individually, if that is furnished to him by Mr. Long.

"2. And your petitioner further prays that he may be authorized and instructed to file with the Commissioner of Internal Revenue at Washington, an offer of compromise on the basis hereinabove set forth, and to make such arrangements as to a deposit in connection therewith as may be required."

9. September 28, 1925, Robert E. Goodwin, referee in bankruptcy, issued the following order in connection with the petition referred to in finding 8:

"The foregoing petition having been duly filed and having come on for hearing before me, after notice to creditors and after hearing the receiver in support thereof and no one objecting thereto, I find the facts are as above stated and that the action prayed for is required in the interest of the estate and it is therefore ordered:

"1. That the receiver be and he hereby is authorized and instructed to compromise the claim of the United States for taxes against the alleged bankrupt estate by the payment of such sum not to exceed one hundred twenty-five thousand dollars ($125,000) as he may be able to negotiate and by the giving of a general release of all so-called war claims by him as receiver of the R. H. Long Company and by Richard H. Long, individually, if that is furnished to him by Mr. Long. And that the receiver be and he hereby is authorized and instructed to make such arrangements as to a deposit in connection therewith as may be required. And that the receiver or his attorneys be and they hereby are authorized to prepare and file with the proper officials of the United States such offer of settlement or other instruments as may be necessary in connection therewith."

10. October 17, 1925, R. H. Long Company, R. H. Long Motors Company, and R. H. Long Shoe Company executed the following release of all demands against the United States:

"Know all Men by these Presents:

"That R. H. Long Company, R. H. Long Motors Company, and R. H. Long Shoe Company, all Massachusetts corporations, in consideration of the acceptance by the Treasury Department of the United States of an offer of one hundred twenty-five thousand dollars ($125,000) in compromise of the outstanding income-tax liabilities of the above-named corporations for the years 1917, 1918, 1919, 1920, 1921, 1922, and 1923, to and including December 31, 1923, said liabilities being represented by assessments greatly in excess of the amount of said offer and said offer having been submitted on or about January 14, 1925, by Guy Murchie, Esq., in his official capacity as receiver of the above corporations, do hereby severally release and forever discharge the United States of America and any Department or Bureau thereof from any and all actions, rights of action, claims, demands, and suits in law or in equity which the above-named corporations or either of them now have or hereafter may have against the United States of America for or by reason of any and all contracts or otherwise made by the above-named corporations or either of them with the War Department of the United States of America or any subdivision thereof in the years 1917, 1918, and

1919, or at any time before the date of this release."

On the same day Guy Murchie, as receiver for the three companies mentioned in the foregoing release, executed the following assent to the execution of such release:

"Know all Men by these Presents:

"That I, Guy Murchie, receiver of the R. H. Long Company, R. H. Long Motors Company, and R. H. Long Shoe Company, and each of them, pursuant to the authority and instructions to me given by order entered September 28, 1925, in the United States District Court for the District of Massachusetts, in certain proceedings in bankruptcy pending against said companies, and each of them, alleged bankrupts, hereby assent to the execution of the foregoing release from said companies, and each of them, to the United States of America."

Likewise on the same day meetings of the boards of directors of the three corporations were held at which Richard H. Long, treasurer, was authorized and directed to execute the release heretofore set out.

The several documents referred to in this finding were thereupon duly filed with the Commissioner of Internal Revenue, together with the order of the referee in bankruptcy dated September 28, 1925, and set out in finding 9, authorizing and instructing the receiver to compromise the claims in question.

11. November 10, 1925, plaintiff was adjudged bankrupt by the United States District Court for the District of Massachusetts. Thereafter Guy Murchie, heretofore referred to as receiver, was duly appointed trustee of the bankrupt, and, after having furnished bond, he qualified December 8, 1925, to act in such capacity.

12. November 25, 1925, "Guy Murchie, receiver, R. H. Long Company," filed a petition in the aforementioned district court asking for approval of the order of the referee referred to in finding 9 and stating that such approval was requested after having received the following telegram from the Solicitor of Internal Revenue: "Order of court approving authority of referee to compromise tax liability and release war claims by Long Companies deemed necessary. Action by court upon this detail before confirmation of composition appears to be discretionary

and has been procured in other cases from other courts."

November 25, 1925, the approval and authority requested were granted by James A. Lowell, Judge of the United States District Court as follows:

"1. That the order of Referee Robert E. Goodwin entered September 28, 1925, upon the petition of the receiver for leave to compromise claim of the United States for additional income and other taxes, be and the same hereby is approved, ratified, and confirmed.

"2. That the compromise negotiated by the Receiver with the Treasury Department of certain tax claims as set forth in the foregoing petition be and the same hereby is approved, ratified, and confirmed."

13. December 12, 1925, the Solicitor of Internal Revenue advised the said "Guy Murchie, receiver," as follows: "The Commissioner of Internal Revenue has considered the proposition submitted by you on behalf of R. H. Long Co., R. H. Long Motors Co., and R. H. Long Shoe Co., bankrupt, on January 13, 1925, through the collector of internal revenue at Boston, Massachusetts, as a compromise of liabilities on account of unpaid additional income and excess-profits taxes for the years 1917 to 1923 (to and including December 31, 1923) in the sum of $1,008,649.-10, with interest, and has decided, with the advice and consent of the Secretary of the Treasury, to close the case by the acceptance of the following terms: $125,000 in compromise of the above-named liability."

14. August 24, 1926, the composition offered by the bankrupt (plaintiff) to the United States District Court was confirmed, and plaintiff was duly discharged by the said court.

15. On or about November 26, 1929, a claim for refund of $140,000 for the years 1917 to 1923, inclusive, was filed by R. H. Long Company, R. H. Long Motors Company, and R. H. Long Shoe Company, which assigned the following basis therefor: "That none of the three above-named companies made any profit for any or all of the years from December 31, 1917, to December 31, 1923, but on the contrary suffered losses for each of the years named and finally each company was adjudicated a bankrupt. Accordingly, therefore, no income or excess profits or manufacturer's excise tax in any amount was due from any of the three above-named companies

for any of the year or years in question."

The foregoing claim was rejected by the Commissioner on a schedule dated April 11, 1930.

### Conclusion of Law.

Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court decides as a conclusion of law that the plaintiff is not entitled to recover, therefore the petition is dismissed.

Judgment is rendered against the plaintiff for the cost of printing the record herein, the amount thereof to be entered by the clerk and collected by him according to law.

Brice Clagett, of Washington, D. C. (Claude W. Dudley, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, a Massachusetts Corporation, sues to recover $125,000, the amount paid to the United States government by the receiver in bankruptcy of the corporation in compromise of certain federal income taxes.

The basis of the claim is that the receiver in bankruptcy was without legal authority to compromise claims against the bankrupt. It is contended that for that reason the compromise failed, and that the sum of $125,000 paid under its terms should be repaid to the plaintiff. The plaintiff in the brief says that the question presented is: "Did the receiver in bankruptcy of the R. H. Long Company, with the approval of the Bankruptcy Court, have power to compromise the claim of the Government against the R. H. Long Company for taxes?"

The facts, about which there is no dispute, disclose that one Guy Murchie was appointed by the United States District Court a receiver in bankruptcy for the plaintiff on December 13, 1923, with authority to take charge of the plaintiff's assets and carry on its business until a trustee in bankruptcy was appointed, or until further order of the court; that he continued to act as such until December 8, 1925, when he qualified as trustee, the plaintiff having been adjudged a bankrupt by the court; that while he was acting as receiver he filed a petition with the District Court stating that a claim had been made by the United States against the plaintiff for additional taxes alleged to be due from it and its related company in a large amount, and asked the court for authority to negotiate a settlement with the Bureau of Internal Revenue for $125,000; the referee in bankruptcy acting on the receiver's petition, after due notice to creditors, and no one objecting thereto, found the facts as stated in the petition, and on January 12, 1925, entered an order authorizing and instructing the receiver to compromise the claim of the United States for taxes against the alleged bankrupt estate by the payment of a sum not to exceed $125,000; that the receiver thereafter made formal offer to the Bureau of Internal Revenue to pay the sum of $125,000 as a compromise of the government's tax claim against the plaintiff; that subsequently the receiver filed a second petition in the district court in which he stated that the Commissioner of Internal Revenue had refused to accept such offer "unless furnished with a general release of any war claims so-called (i. e., claims against the Government arising under contracts, formal or informal, for war supplies) from this alleged bankrupt, namely, the R. H. Long Company, and also a general release from Mr. Richard H. Long, individually, of any claims he may have"; that the referee in bankruptcy, upon consideration of the receiver's second petition, after due notice to creditors, and no one objecting thereto, on September 28, 1925, entered an order authorizing and instructing the receiver to compromise the claim of the United States for taxes against the alleged bankrupt estate by payment of a sum not to exceed $125,000 and by giving a general release of all so-called war claims by him as receiver of the R. H. Long Company and by Richard H. Long, individually, if such release be furnished to him by Mr. Long; that the receiver thereafter obtained the releases in question, which documents were duly filed by the receiver with the Commissioner of Internal Revenue, together with the order of the referee in bankruptcy, dated September 28, 1925; that on November 10, 1925, the plaintiff was adjudged a bankrupt by the court, and the receiver Murchie was duly appointed trustee of the bankrupt and qualified to act

654

in that capacity on December 8, 1925; that the receiver filed his petition in the District Court on November 25, 1925, asking for approval of the order of the referee of September 28, 1925, and that on the same day the court entered an order approving and ratifying the order of the referee; that the Solicitor of Internal Revenue on December 12, 1925, advised the said Murchie, formerly receiver, then trustee in bankruptcy, that the compromise offer had been accepted, and that on August 24, 1926, the said bankrupt was duly discharged by the court.

 The compromise in question having been approved by the bankruptcy court, is conclusive and cannot be collaterally attacked unless it clearly appears the court was without jurisdiction in the matter. Sabin v. Larkin-Green Logging Co. (D.C.) 218 F. 984; Corbett v. Riddle (C.C.A.) 209 F. 811; Huttig Manufacturing Co. v. Edwards (C.C.A.) 160 F. 619; Edelstein v. United States (C.C.A.) 149 F. 636, 9 L.R.A.(N.S.) 236. The plaintiff concedes this, but contends that because receivers in bankruptcy are without authority to adjust or compromise claims against the bankrupt estate, the order of the court approving the compromise in this case was in excess of the jurisdiction of the court and consequently a nullity.

It does not follow that because receivers in bankruptcy are without authority to adjust or compromise claims against the alleged bankrupt estate prior to adjudication the court is without authority, after adjudication, to approve and confirm compromises that have been so made. The bankruptcy court under title 11, section 11 (2), U.S.Code (11 U.S.C.A. § 11 (2), is vested with authority to "allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates." The plaintiff was adjudged a bankrupt prior to the entry of the order of the court on December 8, 1925, approving and confirming the order of the referee in bankruptcy authorizing the receiver to compromise the claim in question. The order of the court reads:

"1. That the order of Referee Robert E. Goodwin entered September 28, 1925, upon the petition of the receiver for leave to compromise claim of the United States for additional income and other taxes, be and the same hereby is approved, ratified, and confirmed.

"2. That the compromise negotiated by the Receiver with the Treasury Department of certain tax claims as set forth in the foregoing petition be and the same hereby is approved, ratified, and confirmed."

The act of the receiver in making the offer in compromise was not only approved by the court, but the compromise itself was approved and confirmed. The approval of the compromise was an adjudication of the claim of the government against the bankrupt estate for additional taxes, and can no more be attacked collaterally than can the adjudication of any other claim. It is entirely immaterial that the negotiations leading up to the compromise were negotiated by the receiver prior to the adjudication of bankruptcy, rather than by the trustee in bankruptcy after the adjudication. The approval of the compromise settlement in question was clearly a matter within the jurisdiction of the court.

The plaintiff therefore cannot recover, and the petition is dismissed. It is so ordered.